[No. 2111. Decided February 7, 1896.]

THE STATE OF WASHINGTON, on the Relation of GORDON HARDWARE COMPANY, v. J. W. LANGLEY, Judge of the Superior Court of King County.

MANDAMUS — SUBSTITUTION OF ATTORNEYS — NUNC PRO TUNC ORDERS.

Mandamus will not lie to compel the court to enter a *nunc pro tunc* order substituting one attorney for another in a pending action; but the litigant is entitled to such order only as of the date when application is made.

Original Application for Mandamus.

Isaac D. McCutcheon, for relator.

Julius F. Hale, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is an application for a writ of mandamus to compel the respondent to enter a *nunc pro*

*tunc* order substituting I. D. McCutcheon, Esq., as counsel for the plaintiff in a certain cause pending in the superior court of King county, wherein the relator is plaintiff and the Seattle National Bank Building Company *et al.* are defendants, in place of the firm of Turner & McCutcheon, the plaintiff's attorneys of record.

It appears that said Turner & McCutcheon, at the time they were employed as attorneys for the plaintiff, were partners, and that on the 27th day of January, 1894, said partnership was dissolved, and that at the date of said dissolution the relator fully paid and settled with said firm for all services by them theretofore performed in said action, and discharged them as its attorneys; and on said date employed said McCutcheon to carry on said cause; since which time said McCutcheon has acted as the sole attorney for the plaintiff therein. And that on February 3, 1894, the relator gave to said McCutcheon a substitution in writing of himself as such attorney in place of said firm of Turner & McCutcheon. But it does not appear that any formal order of substitution was applied for at that time nor until the 30th of December, 1895, at which time the relator applied for a *nunc pro tunc* order to take effect as of the date of the discharge of said firm; which the court refused to grant, and the relator seeks by this proceeding to compel the entry of such an order.

From the authorities presented to us we have found but two classes of cases where *nunc pro tunc* orders are entered; one being where an order was in fact made or some action upon the part of the court taken, which was not at the time formally entered of record; and the other being where the party litigant was entitled to have certain relief at a particular date, and the failure

to grant it at that time was due to some delay or omission upon the part of the court.   In such instances *nunc pro tunc* orders have been entered.

From the showing made here the relator would have been entitled to an order of substitution at the time it made its change of attorneys as aforesaid, if it had asked for it then, and it was entitled to it thereafter when it did apply, but of that date only.. And it does not appear that the court has refused to grant a substitution of attorneys as of the date when the application was made; but that the court refused to enter a *nunc pro tunc* order to take effect as of the prior date.

No case has been called to our attention where such orders have been granted, where the failure to obtain the relief asked was due to an omission or neglect upon the part of the petitioner; and consequently we are of the opinion that the writ should be denied.

HOYT, C. J., DUNBAR, ANDERS and GORDON, JJ., concur.